## Commercial News Company, et al., v. John Beard.

1. DEMURRER—*when overruling of, waived.* Where a defendant does not abide by his demurrer, but after it has been overruled pleads to the declaration, the error, if any, in overruling such demurrer is deemed to have been waived.

2. PLEA OF JUSTIFICATION—*what must allege.* A plea of justification in an action for libel must be of the very matter alleged in the declaration, the very matter which was published, and it must be complete. It must allege the facts which show the truth.

3. PLEA OF JUSTIFICATION—*what essential to, where the alleged libel charged a protection of gamblers.* Where the alleged libelous article charged that the plaintiff, as mayor of a city, protected gamblers, a plea of justification to be sufficient should set up facts showing how, when, where and what the plaintiff did or said in so protecting gamblers.

4. GENERAL ISSUE—*what not competent under, by way of mitigating damages.* The defendant in an action for libel cannot be permitted to show under the general issue and upon a claim of mitigating the damages, facts which tend to cast suspicion of the plaintiff's guilt of the very charges which the defendant has declined to undertake to prove.

Action on the case for libel. Appeal from the Circuit Court of Vermilion County; the Hon. JAMES W. CRAIG, SR., Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

BUCKINGHAM & DYSERT, for appellants.

J. M. MANN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit in case by John Beard, alleging certain libels upon him published by defendants, appellants here. The declaration consisted of five counts. Demurrer was interposed to the declaration and each count thereof. The demurrer was sustained to the third count and overruled as to the rest. Defendants thereupon pleaded the general issue and two special pleas of justification. Plaintiff demurred to the special pleas, and the court sustained the demurrer to each. Trial was had by jury and a verdict was rendered for plaintiff for $350, and the court, after over-

ruling a motion for a new trial, entered judgment upon the verdict.

At the outset of their argument, counsel for appellants urge that their demurrer should have been sustained to the first and second counts of the declaration. If they had abided by their demurrer that question could have been brought before us for determination, but the demurrer was waived by pleading over; the question does not arise upon this record.

We agree with counsel for defendants that the most important question before us arises upon the order of the court sustaining the demurrer to the special pleas. The several counts of the declaration aver that plaintiff Beard was acting mayor of the city of Danville, in Vermilion county, from the 1st day of May, 1903, until on and after the dates of publication of the several articles complained of; that the Commercial News Company was the owner of the newspaper, Commercial News, and that the defendant Harrison was the editor thereof, and set out in apt terms of pleading the articles published. The discussion of one count and the plea thereto will suffice for all. The fourth count is based on the following article: "Ye gods, what nerve! Beard pretends that he has prevented the gamblers from operating in this city since he became mayor, and that he has forced them to flee to Germantown. If he has not been the protector of the open gambling that has been going on for months why did he not stop it before the grand jury was in session? Certainly nobody who knows the gamblers believes they would voluntarily quit their delightful down town quarters and go outside the city unless somebody made them. Then if it was Mayor Beard who made them quit, it must have been Mayor Beard who has been protecting them for months." The substance of the plea thereto is that plaintiff was mayor of Danville, and acting as such, from May 1 to October 15, 1903; that said city had divers policemen who were under the direction and control of plaintiff as mayor; that from March 15, 1903, to October 1, 1903, Nelson Myers maintained a com-

mon gambling house in the Ætna House in Danville and gambling for money with certain devices was carried on there, and plaintiff knew it; that plaintiff, as mayor, although well knowing the premises, failed, neglected and omitted, during all that time, to suppress the said gambling house and the gambling therein, but on the contrary protected said gambling and the persons therein engaged, so that said open gambling house and the keeping thereof and the gambling therein and the preservation of said gambling devices was unlawfully permitted by the said plaintiff as such mayor to continue; by means whereof the plaintiff as mayor was guilty of palpable omission of official duty; wherefore defendants lawfully published the words aforesaid. The newspaper article charges that the plaintiff in his capacity of mayor protected the gamblers in their violation of law. It is very earnestly argued by appellants that their pleas are good, that they fully justify. Nonfeasance is the omission of some act which ought to be performed; misfeasance is the improper performance of some act which might lawfully be done; malfeasance is the performance of some act which ought not to be done. Gambling and keeping a gambling house are crimes. Protecting gambling houses and gambling is a crime. The article charges the plaintiff with malfeasance, with being an accessory to a crime, and thereby, as matter of law, with participation in a crime; that he aided, abetted and assisted the gamblers in their crimes. The pleas of the defendants do not set up malfeasance; they allege mere nonfeasance; they set up other matters than are alleged in the declaration; they do not answer the declaration; they attempt to justify by alleging that plaintiff was guilty of something other than that with which their publication charged him. A plea of justification in an action for libel must be of the very matter alleged in the declaration, the very matter which was published, and it must be complete. A plea of justification in libel is a plea in confession and avoidance; it confesses the publication and justifies by alleging the truth thereof. It must allege the facts which show the truth. These pleas

say the plaintiff did protect the gamblers but they allege no fact from which the court can see that he did protect. Pleading is the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense. 1 Chitty, 217. These pleas set up failure, neglect, omission, and nothing more; they do not justify the charge. A good plea of justification to a declaration setting up the charge of felonious stealing sets up that the plaintiff did feloniously steal certain goods of a certain person of a certain value. It is necessary to state the specific offense of which the plaintiff has been guilty with time and place of committal and must be that species of offense with which the defendant charged the plaintiff. 1 Chitty, p. 535. In this case it was necessary to state how, when, where and what the plaintiff did or said in protection of the gamblers. The pleas are manifestly ill.

It is next argued that defendants should have been permitted under the general issue to show the matters alleged in their pleas in mitigation of damages, to rebut the presumption of malice. A defendant in an action for libel cannot be permitted to show under the general issue, and upon the claim of mitigating the damages, facts which tend to cast suspicion of the plaintiff's guilt of the very charges which the defendant has declined to undertake to prove. Regnier v. Cabot, 2 Gilman, 39.

It is also argued that the court erred in instructions given for plaintiff and in refusing instructions asked by defendant. We find no substantial error in this regard.

The judgment is affirmed.

*Affirmed.*